Larry D. MARVEL,

v.

**Robert SNYDER and Bruce Burton, Appellants.**

No. 01–3360.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 2, 2002.

Filed April 23, 2002.

Before SLOVITER, FUENTES, and MICHEL, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Plaintiff Larry Marvel ("Marvel") filed a pro se complaint in the United States Court for the District of Delaware against the Delaware Correctional Center Warden Robert Snyder and Correctional Lieutenant Bruce Burton on July 12, 1999, alleging a claim pursuant to 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to due process. Marvel claimed that he had been subjected to a retaliatory cell search, and subsequently removed from his prison job. The defendants filed a motion to dismiss, which the District Court treated as one for summary judgment. See Fed.R.Civ.P. 12(b) (allowing a Rule 12(b)(6) motion to be converted to one for summary judgment when the parties attach materials outside of the pleadings to their papers).

The District Court granted in part and denied in part defendants' motion in a Memorandum Opinion and Order issued on July 24, 2001. Pertinent to this appeal, the District Court rejected defendants' proffered defense of qualified immunity. Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). "In considering a motion for summary judgment, a court must 'draw[ ] all reasonable inferences from the underlying facts in the light most favorable to the non-moving party.'" *Bailey v. United Airlines* 279 F.3d 194, 198 (3d Cir.2002) (quoting *Battaglia v. McKendry,* 233 F.3d 720, 722 (3d Cir.2000) (quotations omitted)). In our review of this case, we will employ "the same test as the District Court should use in the first instance, to determine if there are any issues of material fact which would allow the issue to go to trial." *Sharrar v. Felsing,* 128 F.3d 810, 817 (3d Cir.1997) (internal citations omitted).

As a pro se plaintiff who is incarcerated, Marvel will be "held to less stringent pleading standards and we will afford him a liberal interpretation of our procedural rules." *Todaro v. Bowman,* 872 F.2d 43, 44 (3d Cir.1989).

Applying the relevant tests, we fail to discern any error in the District Court's decision. Accordingly, we will affirm substantially for the reasons set forth in the District Court's thorough and well written opinion.